**KOREIN TILLERY**
*Attorneys at Law*
205 North Michigan, Suite 1950
Chicago, Illinois  60601-4269
www.koreintillery.com

JOHN A. LIBRA
jlibra@koreintillery.com
p: 312.641.9750
f: 312.641.9751

November 12, 2015

**Via ECF and Hand Delivery**
Honorable Shira A. Scheindlin
United States District Court, Southern District of New York
500 Pearl Street, Room 1620
New York, NY 10007-1312

    Re:    *NCUA Bd., et al. v. HSBC Bank USA, N.A.*, No. 15-cv-2144-SAS

Dear Judge Scheindlin:

    Plaintiffs NCUA, as liquidating agents for five failed corporate credit unions (CCUs), respectfully submit that the Court should deny HSBC's motion (ECF No. 75) because HSBC has not followed the required procedure for seeking documents from a federal agency and therefore improperly declared impasse, and the documents HSBC seeks are irrelevant or privileged.

    **1.** Congress directed NCUA, similar to FDIC in relation to insured banks, to operate both as regulator of credit unions and, when one fails, as liquidating agent. *See* 12 U.S.C. § 1751 *et seq*. As liquidating agent, NCUA "steps into the shoes" of a failed credit union and succeeds to its "'rights, titles, powers, and privileges.'" *O'Melveny & Myers v. FDIC*, 512 U.S. 79, 86 (1994) (quoting 12 U.S.C. § 1821(d)(2)(A), which is phrased identically to NCUA's similar powers in 12 U.S.C. § 1787(b)(2)(A)).[1] NCUA is plaintiff here solely as liquidating agent, not as regulator.

    Plaintiffs have offered 50 custodians from the CCUs and NCUA. Generally speaking, CCU custodians were involved in the CCUs' residential mortgage-backed securities ("RMBS") investments, and NCUA custodians liquidated the CCUs, monitored the at-issue RMBS, and operated the NGN Program.[2] NCUA expects to produce millions of documents from those CCU and NCUA custodians. In addition, however, HSBC improperly seeks voluminous internal discovery from NCUA as regulator (a capacity in which NCUA is often represented by the Department of Justice) from NCUA personnel who had nothing to do with the at-issue RMBS.[3]

---

    [1] NCUA's statute, no less than FDIC's, therefore requires NCUA to operate in these "legally distinct capacities," HSBC Mot. 1 n. 1, and the case cited by HSBC in contending otherwise supports this distinction. *See Golden Pacific Bancorp v. FDIC*, 375 F.3d 196, 198 (2d Cir. 2004) (recognizing that FDIC's separate legal capacities follow from the distinct statutory provisions governing its dual roles, which mirror the statutory scheme governing NCUA).

    [2] In contrast, HSBC has offered 24 custodians and improperly maintained that knowledge of any employee outside of HSBC's legally indistinct "trustee department" is irrelevant.

    [3] *E.g.*, Ex. A, Request Nos. 69 & 73: "All documents relating to Corporate Credit Union Guidance Letter[s]" and "any NCUA Office of Inspector General Material Loss Review of the Credit Unions[.]" HSBC's wrongly implies (at 1) it seeks only "documents and communications between NCUA and [the] credit unions that relate to the credit unions' RMBS investments."

**2.** HSBC's motion to compel should be denied at the outset because HSBC failed to follow NCUA's *Touhy* regulations governing the process by which a party may seek documents from NCUA as regulator or its Office of Inspector General ("OIG"). *See* 12 C.F.R. § 792 *et seq.* "Like other federal banking regulators, [NCUA] has developed administrative regulations governing the release of non-public information … known as '*Touhy*' regulations, … *United States ex rel. Touhy v. Ragen*[, 340 U.S. 462 (1951)]." *Wultz v. Bank of China Ltd.*, 61 F. Supp. 3d 272, 278 (S.D.N.Y. 2013) (Scheindlin, J.). As this Court explained, "'motions to compel agency compliance with discovery requests' are governed by 'the administrative exhaustion requirement of [Administrative Procedure Act] § 704.'" *Id.* (quoting *In re S.E.C. ex rel. Glotzer*, 374 F.3d 184, 190 (2d Cir. 2004)). Thus, "[b]ased on *Glotzer*, [HSBC] may only move to compel [NCUA] to produce documents that [HSBC] has requested through [NCUA's] *Touhy* procedures." *Id.* at 296. If the CCUs had brought their claims, HSBC would have to comply with *Touhy*, and here NCUA merely stands in their shoes as liquidating agent — not regulator.

HSBC erred in declaring impasse while refusing NCUA's request to follow its *Touhy* regulations. In *Wultz*, this Court denied a similar motion to compel discovery from the Office of the Comptroller of the Currency because "plaintiffs have failed to exhaust their administrative remedies with respect to any documents not described in their *Touhy* request." 61 F. Supp. 3d at 280. Here, HSBC has not even submitted a *Touhy* request or a Rule 45 subpoena.[4] Although HSBC (at 3) complains that doing so would be "form-over-substance," such compliance is not only legally required but also provides an important screening mechanism for materials that can be discovered through other sources such as the credit unions themselves — whose relevant, non-privileged documents *will* be produced by NCUA as liquidating agent. *See* 12 C.F.R. § 792.43(e) (requiring "[a] statement indicating that the information sought is not available from another source, *such as a credit union's own books and records* ….") (emphasis added).

**3.** In any event, HSBC's contentions lack merit. HSBC first complains (at 1) that some regulator documents might be found in the collections of NCUA custodians identified by NCUA. But NCUA will not segregate the collections of such liquidating-agent custodians before running agreed-upon search terms, and will produce responsive, non-privileged documents from those custodians. That approach should satisfy HSBC's concerns for the custodians' documents.

HSBC next asserts (at 2) that NCUA's pre-liquidation communications to the credit unions are relevant to their knowledge of the risks of RMBS. But HSBC will receive documents from each credit union employee responsible for purchasing and performing credit analyses on the RMBS at issue, including any non-privileged communications with NCUA. HSBC fails to explain why NCUA as regulator would have additional information, and it is undisputed that NCUA did not participate in the purchase of the RMBS at issue here. In *Wultz*, this Court denied without prejudice a motion to compel *Touhy* materials, reasoning that "[b]ecause it is unclear whether the OCC possesses any relevant and discoverable documents that are not in the possession of [defendant bank], it is not yet necessary to confront the difficult issues that might be involved in reviewing the OCC's denials of plaintiffs' requests." 61 F. Supp. 2d at 296.

---

[4] In a similar action brought by NCUA against Wells Fargo as trustee pending before another Judge of this Court, Wells Fargo submitted *Touhy* requests and Rule 45 subpoenas.

HSBC further argues (at 3) that NCUA OIG "Material Loss Reviews" and "underlying documents" are relevant to causation. HSBC fails to acknowledge that Material Loss Reviews themselves are *publicly available at NCUA's website*. And any "underlying documents" should be protected from disclosure by the deliberative process or bank examiner privileges. *See Wultz*, 61 F. Supp. 3d at 281-82 (discussing privileges for agency "opinions and deliberative processes"); *Fed. Hous. Fin. Agency v. JPMorgan Chase & Co.*, 978 F. Supp. 2d 267, 273 (S.D.N.Y. 2013) (Cote, J.) (citing *Wultz* and holding that such privileges apply where the agency is also the plaintiff suing as conservator). Moreover, causation is an objective inquiry and the subject of expert testimony; opinions from NCUA employees would not be probative. HSBC (at 2) similarly cites observations from an NCUA custodian that some CCUs may have over-concentrated their portfolios in RMBS, but that does not show the CCUs knew the loans pervasively failed underwriting guidelines or that HSBC was failing to seek repurchases of those loans and to enforce servicers' duties as required by the relevant trustee agreements. Nonetheless, any such non-privileged communications in CCU custodian files will be produced.

Finally, HSBC contends (at 2) that some requests concern mitigation of damages. As noted, the credit union and NCUA custodian documents will be produced. And NCUA's discretionary acts as regulator are insufficient as a matter of law as the basis for affirmative defenses against claims brought by the liquidating agent. *See FDIC v. Bernstein*, 944 F.2d 101, 106 (2d Cir. 1991) (affirming summary judgment for FDIC as receiver on claim that FDIC as regulator had procured failure of defendant, because "the wrongful conduct attributed to the FDIC as corporation cannot be attributed to the FDIC as receiver"); *NCUA v. Fisher*, 653 F. Supp. 349, 350 (E.D. Mo. 1986) ("NCUA[] as insurer/regulator is not a party to this action and the acts or omissions alleged in the affirmative defenses of defendants cannot be attributed to the plaintiff in the instant case.").[5] Plaintiffs have identified the relevant custodians from NCUA and the CCUs, are prepared to agree to relevant search terms, and are in the process of searching the appropriate files. Thus, none of HSBC's relevance arguments withstand scrutiny.[6]

---

[5] *See also*, *e.g.*, *FDIC v. Bierman*, 2 F.3d 1424, 1439 (7th Cir. 1993) ("when the FDIC acts to replenish the insurance fund through the disposition of assets of the failed bank, … it has no duty first to attempt to mitigate the damages"); *FDIC v. Mijalis*, 15 F.3d 1314, 1323-24 (5th Cir. 1994) (rejecting FDIC duty to mitigate because "the risk of errors in judgment by FDIC personnel should be borne by … wrongdoers in the first instance rather than by the national insurance fund"); *FDIC v. Eckert Seamans Cherin & Mellott*, 754 F. Supp. 22, 25 (E.D.N.Y. 1990) ("every separate act of the FSLIC as a receiver in collecting assets is not open to second guessing in actions to recover damages from wrongdo[ers]") (internal quotation marks omitted).

[6] The cases cited by HSBC are inapposite. *See FDIC v. Clementz*, 2014 WL 4384064, at *1-2 (W.D. Wash. Sept. 4, 2014) (FDIC's evaluation of loans was relevant to FDIC's subsequent claim that bank directors were negligent in making those same loans); *FDIC v. Blackwell*, 2013 U.S. Dist. LEXIS 83778, at *3-6 (N.D. Ga. May 7, 2013) (because FDIC alleged defendants "disregarded the advice of … regulators," that advice was discoverable); *United States v. McGraw-Hill Cos., Inc.*, No. CV 13-0779-DOC, at 6 (C.D. Cal. June 13, 2014), ECF No. 197 (Standard & Poor's argued that its allegedly fraudulent representation that its credit ratings were independent and objective should be considered from the perspective of regulators; and the court adopted a view of the deliberative process privilege at odds with the law of this Circuit).

Hon. Shira A. Scheindlin<br>
11/12/15 Letter<br>
Page 4

                                           Respectfully Submitted,

                                           John A. Libra