UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

| USDC SDNY |
| DOCUMENT |
| ELECTRONICALLY FILED |
| DOC #: |
| DATE FILED: 10/6/2020 |

**NATIONAL CREDIT UNION**
**ADMINISTRATION BOARD, et al.,**

                  **Plaintiffs,**

      -against-

**HSBC BANK US, NATIONAL ASSOCIATION,**

                 **Defendant.**

-----------------------------------------------------------------X

15-CV-02144 (LGS)(SN)

**ORDER**

**SARAH NETBURN, United States Magistrate Judge:**

      On July 29, 2020, Plaintiffs filed a motion to compel Defendant to provide expert reports and deposition transcripts from 16 prior lawsuits filed by Defendant HSBC acting as plaintiff Trustee against warrantor Deutsche Bank Structured Products ("Deutsche Bank SP"). See ECF No. 402. In this case, four of the six bellwether trusts have Deutsche Bank SP as warrantor although none of the trusts or loans at issue in the prior lawsuits is at issue here, and none of the experts from the prior lawsuits is an expert here. The Court denied Plaintiffs' motion without prejudice on August 11, 2020, and directed the parties to meet and confer on the issue to try and reach a compromise. See ECF No. 407. On September 1, 2020, Plaintiffs renewed their motion to compel, having arrived at an impasse. See ECF No. 408. The Court DENIES the Plaintiffs' motion.

      Plaintiffs seek this information because they believe it will help establish Defendant's "awareness of the pervasive defects and fundamental flaws in Deutsche Bank SP-supplied loans, and further could be party admissions concerning its knowledge or awareness of Deutsche Bank SP's deeply flawed process." ECF 402 at 4. Plaintiffs seek this discovery as "expert discovery."

1

Parties are required to provide expert reports only for those experts "employed to provide expert testimony *in the case*." Fed. R. Civ. Pro. 26 (2)(B) (emphasis added). The reports Plaintiffs seek were produced in lawsuits that do not address the bellwether trusts at issue and were not produced by experts who will be providing testimony in this case. Thus, the discovery sought by the Plaintiffs cannot be properly categorized as expert discovery.

To the extent the discovery sought is better characterized as fact discovery, it is both untimely and unwarranted. Fact discovery closed three years ago and Plaintiffs have not established good cause to reopen fact discovery for this purpose. Plaintiffs argue that the requested discovery is "highly relevant" in this case, specifically claiming that the reports shed light on Defendant's "overall awareness" of "the pervasive defects and fundamental flaws in Deutsche Bank SP-supplied loans." See ECF No. 402, Pl.'s Mot. at 1, 4.

This "overall awareness" is immaterial to the claims at issue, however, because the expert reports requested do not concern the specific trusts in this case. In the RMBS context, Plaintiffs must "demonstrate breach on a loan-by-loan and trust-by-trust basis." BlackRock v. Wells Fargo, 247 F.Supp.3d 377, 389 (S.D.N.Y. 2017), objections overruled WL 36 10511 (S.D.N.Y. Aug. 21, 2017). Indeed, Judge Schofiled has ruled already that "the 'discovery or receipt of notice' requirement must require HSBC to have information about a *specific loan*, rather than *generalized knowledge* or notice *extrapolated from other loans*." ECF No. 314, March 19, 2018 Order at 5, (emphasis added) (reconsideration denied ECF No. 335 at 1–2). Furthermore, this Court has made clear that discovery requests "related to events outside the Covered Trusts would not trigger a duty on the part of the trustee to investigate loans within the Covered Trusts." BlackRock v. Deutsche Bank, 14-cv-09367 (JMF)(SN), ECF. No. 286, Jun. 20, 2017 Order at 4–5. Even if the requested reports are probative of Defendant's "overall awareness" of "pervasive

defects and fundamental flaws" in Deutsche Bank's loans, that is immaterial to a specific duty to investigate the loans at issue in this case.

Accordingly, Plaintiff's motion to compel is DENIED. The Clerk of Court is directed to terminate the motion at ECF No. 408.

**SO ORDERED.**

SARAH NETBURN
United States Magistrate Judge

DATED:   October 6, 2020
         New York, New York